**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

DAVID PATRICK,

      Petitioner,
:
Case No. 1:11-cv-067

      -vs-
:
District Judge William O. Bertelsman
Magistrate Judge Michael R. Merz

Warden, Ohio State Penitentiary,
:
      Respondent.

**REPORT AND RECOMMENDATIONS**

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner seeks relief from his conviction and sentencing in the Hamilton County Common Pleas Court to thirteen years confinement for aggravated robbery with firearm specifications. Petitioner pleads the following Ground for Relief:

> **GROUND ONE:** Petitioner was denied his right to a fair trial by an impartial jury as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
>
> **Supporting Facts:**
>
> During voir dire, a prospective juror admitted that she and Petitioner had attended the same high school and that she knew him. Specifically, the prospective juror stated, in front of the full array: "I knew him in high school and he was a bad kid." Petitioner's trial counsel objected on the basis that the remaining jury pool had heard the juror's comment and was tainted, and requested a fresh array. However, the court overruled trial counsel's objection and request for a fresh array on the basis that he could not hear the prospective juror from the bench, and thus the array was not tainted. The trial court denied counsel's request for a new venire despite the fact that the

-1-

> prosecutor admitted that she heard the prospective juror's statement, and even after the prospective juror confirmed, for the trial court, that she had said that the Petitioner "was a bad kid." Though excusing that juror, the trial court did not issue a curative statement to the jury or offer any instruction or admonition not to consider what the prospective juror had stated. Thus, Petitioner was convicted by a tainted jury that was subjected to the prejudicial comments of a prospective juror. Accordingly, Petitioner was denied his right to a fair and impartial jury and due process of law as guaranteed to him through the Sixth and Fourteenth Amendments to the United States Constitution.

(Petition, Doc. No. 1, Attachment B, PageID 17.) On order of Magistrate Judge Litkovitz, to whom this case was originally referred, the Warden has filed a Return of Writ (Doc. No. 7) and Petitioner has filed a Reply (Doc. No. 16) and expanded the record (Doc. No. 14). The reference herein was transferred to Magistrate Judge Merz on March 6, 2012 (Doc. No. 17).

## Procedural History

Petitioner was indicted on counts of aggravated robbery and robbery with firearm specifications, convicted on all counts by a jury, and sentenced to twenty-one years confinement.[1] Petitioner appealed to the Hamilton County Court of Appeals which affirmed the conviction, but vacated the sentence and remanded for resentencing. *State v. Patrick*, Case No. C-050444, 2007 Ohio 1175, 2007 Ohio App. LEXIS 1118 (Ohio App. 1st Dist., Mar. 16, 2007). Prior to resentencing, Petitioner filed a *pro se* appeal to the Ohio Supreme Court which denied leave to appeal and dismissed for lack of a substantial constitutional question (Entry, Return of Writ, Doc.

---

[1] As a result of proceedings not relevant here, the counts and specifications were merged after conviction with the resulting sentence being thirteen years.

No. 7, Ex. 10). After further state court proceedings which are not relevant except for their tolling of the statute of limitations, Petitioner, represented by counsel, filed the instant Petition on February 4, 2011.

## Analysis

Petitioner claims his trial jury array was tainted by hearing a comment from a prospective juror that she had known him in high school and he was "a bad kid." Consequently he asserts he was denied his right to a fair trial when the array was not dismissed.

## Procedural Default

The Warden asserts Petitioner's claim is procedurally defaulted because it was not fairly presented to the Ohio courts as a constitutional claim (Return of Writ, Doc. No. 7, PageID 39-42).

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th

Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright,* 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963). *Coleman,* 501 U.S. at 724.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423 (6th Cir. 2009), *citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991). The claim must

be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

A state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim. *Baldwin v. Reese*, 541 U.S. 27 (2004).

A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim. *Hicks v. Straub*, 377 F.3d 538 (6th Cir. 2004), *citing McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor*, 404 U.S. 270, 276, 277-78 (1971).

> In determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, we consider whether: 1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; 2) the petitioner relied upon federal cases employing the constitutional analysis in question; 3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or 4) the petitioner alleged "facts well within the mainstream of [the pertinent] constitutional law."

*Hicks* at 552-53, *citing McMeans*, 228 F.3d at 681. *See also Fulcher v. Motley,* 444 F.3d 791 (6th Cir. 2006); *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)(citing the wrong cases in support of a particularized constitutional claim is not a basis for default).

On direct appeal the relevant claim was made as the Second Assignment of Error, "[t]he trial court erred when it allowed the jury venire to be tainted by prejudicial comments made by a perspective [sic] juror." (Appellant's Second Amended Brief, Return of Writ, Doc. No. 7, Ex. 4, PageID 60).

In support of this Assignment (which was one of eight pled), Petitioner's counsel argued as follows:

> When a comment by a prospective juror is such that it is inherently prejudicial to the defendant, there is an immediate duty on the trial court to conduct further interrogation. *State v. Strong*, 119 Ohio App. 31 (1963). A party challenging a jury panel has the burden of showing that the jurors were either unlawfully empanelled [sic] or that the jurors cannot be fair and impartial. *City of London v. Scurry*, Case No. CA95-10-033, 1996 Ohio App. LEXIS 3120 (Madison Ct. App. July 22, 1996), citing 47 American Jurisprudence 2d 922 (1995). Mere speculation as to bias among the pool of prospective jurors will not justify quashing the entire venire. *Id.* Appellate courts should not reverse a trial court's decision not to dismiss an entire jury panel absent an abuse of discretion. *Id.* citing *Mitchell v. Leak,* Case No. 92AP-1024, 1993 Ohio App. LEXIS 1562 (Ohio App. 10th Dist. Mar. 18, 1993).
>
> In the present case, Prosepective [sic] Juror Valdez stated that she knew Dave in high school, and that "he was bad kid." (T.p. 21). Valdez's comment that she personally knew Dave, and that she knew him to be a had person tainted the entire jury venire. Accordingly, Dave moved to dismiss the panel. (T.p. 21-22).
>
> The court overruled Dave's Motion, claiming that Valdez comments centered on what Dave was like in high school-twelve years ago. (T.p, 22). The court also claimed that the juror's comments were barley [sic] audible. (T.p.22). Despite the fact that both the prosecutor and defense counsel clearly heard Valdez's comments, the court

-6-

> would neither conduct further inquiry nor issue a curative instruction. (T.p. 21·22). Without further inquiry, counsel was unable to demonstrate that the panel's objectivity was irreparably tainted by the prospective juror's comment. Without a curative instruction, the panel was left with the impression that the defendant is a malefactor. Any effort to explore these issues was blocked by the court.
>
> Dave respectfully submits that the trial court abused its discretion by ignoring the potential impact of Valdez's comment. No inquiry was conducted reference the impact of the comment, and no attempt was made by the court [to] assuage the taint The court caused prejudicial error by refusing to thoroughly investigate this concern.

(Appellant's Second Amended Brief, Return of Writ, Doc. No. 7, Ex. 4, PageID 60).

Comparing this presentation with the fair presentation standard in *Hicks, supra*, the Magistrate Judge notes that there is no mention in the Brief of any portion of the Federal Constitution although counsel does refer to the requirement that jurors be fair and impartial. There is no citation to any federal case law.

As to the third prong of *Hicks,* Petitioner cites two state cases. *State v. Strong*, 119 Ohio App. 31 (Ohio App. 5th Dist. 1963), was a capital case in which the court of appeals held it was reversible error not to excuse a jury panel which heard a comment by a prospective juror that he did not usually believe in capital punishment but did in this case because defendant had killed two people. The court cited no case law at all, but decided the comment tainted the jury panel and prejudiced the defendant. Petitioner also cites *City of London v. Scurry*, Case No. CA95-10-033, 1996 Ohio App. LEXIS 3120 (Ohio App. 12th Dist. July 22, 1996), an unpublished decision of the Madison County, Ohio, Court of Appeals. In deciding not to reverse a DUI conviction when a prospective juror commented on seeing a story about the defendant in the newspaper, the court of appeals cited no federal law, but only American Jurisprudence and the *Mitchell v. Leak* case included in the quotation from the Brief above.

However, the Magistrate Judge concludes the facts alleged by Petitioner come "well within the mainstream of [the pertinent] constitutional law." The right to a fair and impartial jury is a central tenet of American constitutional law at both the federal and state levels. Similarly the notion that a jury may be prejudiced by hearing information or opinion about a defendant which could not be admitted in evidence – the claim made here and also in the two cited Ohio law cases – are much more on point than a generalized claim of denial of due process or of a fair trial of the sort found wanting in the precedents.

The Magistrate Judge concludes that Petitioner's claim was fairly presented to the Ohio courts and should not be dismissed as procedurally defaulted.

## Merits of the Claim

The Hamilton County Court of Appeals decided this claim, Petitioner's Second Assignment of Error, as follows:

> [*P11]  Patrick's second assignment of error is that the trial court erred when it allowed the jury venire to be tainted by comments made by a prospective juror.
>
> [*P12] During voir dire, prospective juror Valdez stated that she had attended high school with Patrick, approximately 12 years earlier. The prosecutor asked Valdez, "Would the fact that you know him influence whether or not you could decide the case fairly against him?" According to the transcript, Valdez replied, "I don't know. I just know he was-just don't want to be on the case." Based on that comment, the trial court excused Valdez from the jury.
>
> [*P13]  After the court announced that Valdez had been excused from service, defense counsel asked to approach the bench. According to counsel, he had heard Valdez say that there was "some sort of problem." The court asked Valdez to approach the bench and,

> at a sidebar conference, said, "I need to ask you something. I didn't hear. You said something about-what did you say and I couldn't hear you? What did you say there, something about you knew him in high school?" Valdez replied, "I knew him in high school and he was a bad kid." Based on that statement, defense counsel requested that the entire jury panel be dismissed. The trial court denied the request, stating, "First of all, what she said, you couldn't even hear. I had to ask her up here and I couldn't even hear it because of that. The other thing is that she was saying that that was 12 years ago."
>
> [*P14] "Determination of issues raised in voir dire in criminal cases has long been held to be within the discretion of the trial judge." *State v. Beuke* (1988), 38 Ohio St.3d 29, 31, 526 N.E.2d 274. In this case, we conclude that Patrick has not demonstrated that the trial court abused its discretion. Because the court reporter did not hear the comment, it is unclear whether Valdez's original comment was that Patrick was a "bad kid," or whether that comment was made in response to the court's questions during the sidebar discussion. And defense counsel made no request to separately question the other prospective jurors to determine whether they had heard the comment and whether the comment would have affected their impartiality. The second assignment of error is overruled.

*State v. Patrick, supra.*

This is plainly a decision on the merits of Petitioner's claim. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

"[T]he requirement that every defendant in a criminal case receive a fair trial by a panel of impartial, indifferent jurors ... is a basic requirement of due process." *United States v. Rigsby,* 45 F.3d 120, 122 (6th Cir. 1995) (internal quotation marks and citation omitted). However, a court

-9-

should not presume prejudice from juror exposure to information about a case. *United States v. Rugiero*, 20 F.3d 1387 (6th Cir. 1994). A trial court's finding of jury impartiality may "be overturned only for 'manifest error.'" *White v. Mitchell,* 431 F.3d 517 (6th Cir. 2005), *citing Mu' Min v. Virginia*, 500 U.S. 415, 428 (1991); *Hill v. Brigano*, 199 F.3d 833, 843 (6th Cir. 1999), *quoting Patton v. Yount*, 467 U.S. 1025, 1031 (1984).

"The question of whether a trial court has seated a fair and impartial jury is a factual one, involving an assessment of credibility." *Gall v. Parker*, 231 F.3d 265 (6th Cir. 2000), *citing Patton*. A trial court's finding of impartiality is a factual determination entitled to 28 U.S.C. 2254(e)'s presumption of correctness. *Dennis v. Mitchell,* 354 F.3d 511, 520 (6th Cir. 2003). There is no constitutional prohibition in jurors simply knowing the parties involved or having knowledge of the case. *McQueen v. Scroggy*, 99 F.3d 1302, 1320 (6th Cir. 1996).

What did the venire hear that might have prejudiced them? The trial court transcript reflects the following questions and answers from Prospective Juror Valdez:

> Prospective Juror Valdez: I do know David Patrick. I went to school with him.
>
> The Court: So you do know the defendant?
>
> Prospective Juror Valdez: Yes.
>
> The Court: When is the last time you've seen him?
>
> Prospective Juror Valdez: High school.
>
> The Court: How long ago was that?
>
> Prospective Juror Valdez: About 12 years ago.
>
> Ms. Hild [the prosecutor]: Were you friends with him?
>
> Prospective Juror Valdez: Not best friends, but, yeah, I hung out at

school.

Ms. Hild: Would the fact that you know him influence whether or not you could decide the case fairly against him?

Prospective Juror Valdez: I don't know. I just know he was -- just don't want to be on the case.

The Court: I understand that. You feel better if you did not serve?

Prospective Juror Valdez: Yeah.

The Court: I could certainly understand that. We will excuse you.

Mr. Larson: Judge, could I approach for a moment?

The Court: Certainly.

(Thereupon, the following discussion was held at sidebar out of the hearing of the prospective jury panel.)

The Court: She said she was what in school?

Mr. Larson: There was some sort of a problem.

The Court: I didn't hear her say that.

Mr. Larson: I heard it and I heard . . .

Ms. Hild: I thought that is what she said and when I asked she didn't repeat it.

Mr. Larson: I don't know how you could fix the panel.

The Court: I'm fixing the panel.

Ma'am, just step up here one second. I need to you ask something. I didn't hear. You said something about -- what did you say and I couldn't hear you? what did you say there, something about you knew him in high school?

Prospective Juror Valdez: I knew him in high school and he was a bad kid.

-11-

>The Court: That's fine. That's fine. We are going to excuse you with the thanks of this Court. Thank you.
>
>Mr. Larson: Judge, for the record, I will object to entire array that is here. They have already heard that person say he was a bad kid. I will ask for a whole new array.
>
>The Court: I'm going to overrule that. First of all, what she said, you couldn't even hear. I had to ask her up here and I couldn't even hear it because of that. The other thing is she was saying that that was 12 years ago.
>
>Mr. Larson: Judge, I would just again
>
>The Court: That was high school and 12 years ago.
>
>Mr. Larson: I will put on the record I heard it and I am as far away as anyone.
>
>The Court: At any rate, she said that was 12 years ago. I am going to deny your motion for whatever you're asking for.
>
>Mr. Larson: Note it for the record.
>
>The Court: We will note it. Thank you
>
>(Thereupon, the sidebar discussion was concluded.)

(Trial Tr., Vol. 2, Doc. No. 14-2, PageID 323-326.)

This is the entire record that was before the court of appeals on the Second Assignment of Error. Petitioner's trial or appellate counsel never moved the trial court to correct the record to show something different from what is shown here. On the basis of this record, it cannot be said that Ms. Valdez was heard by other jurors to say Petitioner was a bad kid in high school. We do not know where Ms. Valdez was in the courtroom with respect to the other members of the venire. Neither the prosecutor nor defense counsel repeated for the record what they heard Ms. Valdez say. So far as the record (i.e., the transcript) shows, the words "bad kid" were recited only at the bench and the

trial judge confirmed that he had not heard what Ms. Valdez said in response to Ms. Hild's question.

It is also clear Mr. Larson, the defense counsel, never asked the judge to inquire of the other venire members what they heard nor sought the opportunity to question them himself. Nor did he ask for a curative instruction. Instead, he asked that the whole array be excused.

In reviewing on habeas the appellate court's decision, this Court is limited to the record that court had before it. *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388, 1400-01, 179 L. Ed. 2d 557 (2011). Given that record, the court of appeals decision is not based on an unreasonable determination of the facts, to wit, that Petitioner had not proved that any other prospective juror heard whatever Ms. Valdez said in front of them and that Mr. Larson had not sought to voir direct the other prospective jurors. Its ultimate conclusion that the trial judge did not abuse his discretion in concluding panel had not been prejudiced is not contrary to nor an unreasonable application of clearly established federal law.

It is therefore respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and this Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith and should therefore not be permitted to proceed *in forma pauperis*.

March 19, 2012.

                                                  s/ **Michael R. Merz**
                                                  United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).